## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

SCOTT AND JENNIFER BERRY, *individually*
*and on behalf of the minor children*
*C.W.B., R.L.C., C.C., A.A.C., and C.D.B.*          PLAINTIFFS

v.                                    CAUSE NO. 1:17-cv-81-HSO-JCG

FEGEE SIMMS, *individually and*
*as agent for Mississippi Department of*
*Human Services*                                      DEFENDANT

### REPORT AND RECOMMENDATION THAT PLAINTIFFS' REMAINING CLAIMS BE DISMISSED FOR FAILURE TO PROSECUTE AND OBEY ORDERS OF THE COURT

THIS CAUSE IS BEFORE THE COURT for consideration of dismissal. The undersigned recommends that the remaining claims in the Complaint filed by Plaintiffs Scott and Jennifer Berry, individually and on behalf of their minor children, be dismissed for failure to prosecute and obey orders of the Court.

### I. BACKGROUND

This is a 42 U.S.C. § 1983 case arising out of alleged actions of Mississippi Department of Human Services (MDHS) employees, including Defendant Fegee Simms, who was sued in her official and individual capacities. Simms was an MDHS caseworker assigned to Plaintiffs' minor children after MDHS received an anonymous allegation that Plaintiffs did not feed their children. (ECF No. 1, at 1-2). In their Complaint, the Berrys claim that MDHS failed to adequately hire, supervise, train, and monitor Simms and other social workers and investigators and that MDHS failed to respond to Simms' purportedly inappropriate conduct.

On January 4, 2018, the claims against MDHS were dismissed on the basis of

sovereign immunity because MDHS is an arm of the State of Mississippi. (ECF No. 32, at 7). The claims against Simms, in her official capacity, were also dismissed because a suit against a state official in her official capacity is not a suit against the official but rather is a suit against the official's office, and "it is no different from a suit against the State itself." *Id.* at 5 (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)).

Approximately one month after the claims against MDHS and Simms, in her official capacity, were dismissed, Plaintiffs' counsel moved to withdraw as counsel for the Berrys. The Berrys consented to the withdrawal of their counsel and filed signed Joinders. (ECF Nos. 34, 35). The Motion to Withdraw as Counsel was granted on March 6, 2018. (ECF No. 36). The Order Granting Motion to Withdraw as Counsel provided that "Plaintiffs are granted up to and including April 6, 2018, within which to either (1) employ private counsel and have that counsel enter a written notice of appearance, or (2) notify the Clerk of Court, in writing, that they will be representing themselves." *Id.* at 1. The Order made clear to the Berrys that should they "fail to either retain new counsel or notify the Clerk of Court that they will be representing themselves, their claims will be subject to dismissal." *Id.*

To date, new counsel has not entered an appearance on behalf of the Berrys, nor have the Berrys notified the Clerk of Court that they wish to represent themselves. The Case Management Order set a settlement conference for April 12, 2018, at 1:30 p.m. The Clerk of Court mailed a reminder regarding the settlement conference to the Berrys at their home address. The settlement conference occurred, as scheduled. The Berrys did not attend, nor did they inform the Court that they would not attend. The

Berrys have not filed any pleadings or otherwise corresponded with the Court since their former counsel withdrew on March 6, 2018.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds that there is a clear pattern of delay and contumacious conduct. The Berrys did not comply with the Order Granting Motion to Withdraw as Counsel, which required them to act by April 6, 2018. The Order warned

the Berrys that their claims were subject to dismissal if they failed to retain new counsel or notify the Clerk of Court that they would be representing themselves.

The Case Management Order required the Berrys to attend the settlement conference on April 12, 2018. The Clerk of Court mailed a reminder regarding the settlement conference to the Berrys at their home address. The Berrys failed to appear at the settlement conference. The Berrys have not filed any pleadings or otherwise corresponded with the Court since their former counsel withdrew on March 6, 2018.

The Berrys are apparently no longer interested in pursuing the remaining claims in this suit. There is no reason to conclude that lesser sanctions than dismissal would prompt diligent prosecution. The undersigned recommends that the Berrys' remaining claims be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by orders of the Court.

### III. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 13th day of April, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE