# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT BERRY and JENNIFER BERRY, *Individually and on Behalf of the Minor Children C.W.B., R.L.C., C.C., A.A.C., and C.D.B.* | § § § § § § | PLAINTIFFS |
| v. | § § § | Civil No. 1:17cv81-HSO-JCG |
| FEGEE SIMMS, *Individually and as Agent for Mississippi Department of Human Services*, and JOHN AND JANE DOES 1-10 | § § § § § | DEFENDANTS |

### ORDER ADOPTING MAGISTRATE JUDGE'S [37] REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFFS' REMAINING CLAIMS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND TO ABIDE BY THE COURT'S ORDERS

This matter comes before the Court on the Report and Recommendation [37] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 13, 2018. Based upon the Magistrate Judge's review of the record and relevant legal authority, he recommended that Plaintiffs' remaining claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute and to abide by the Court's Orders. R. & R. [37] at 4. Plaintiffs have not objected to the Report and Recommendation [37]. For the reasons that follow, the Court finds that the Report and Recommendation [37] should adopted in its entirety as the finding of this Court, and that Plaintiffs' remaining claims should be dismissed without prejudice.

1

I. BACKGROUND

On March 17, 2017, Plaintiffs filed a Complaint through counsel advancing claims against Defendant Fegee Simms, individually and as agent for the Mississippi Department of Human Services ("MDHS"), pursuant to 42 U.S.C. § 1983. Compl. [1] at 11-15. The Complaint alleged that Defendants violated Plaintiffs' constitutional rights to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution, and their rights to due process and family integrity under the Fourteenth Amendment. *Id.* at 12-14.[1] Upon MDHS's Motion [15] to Dismiss, Plaintiffs' claims against MDHS and Simms in her official capacity were dismissed. *See* Order [32] at 8. The claims against Simms in her individual capacity remained, and Simms filed a Second Motion [21] to Dismiss[2] seeking dismissal of all claims asserted against her. This Motion [21] remains pending.

This case is presently scheduled for trial on the Court's August 2018 trial calendar. *See* Case Mgmt. Order [14] at 4. On February 8, 2018, Plaintiffs' counsel moved to withdraw [33], a request in which both Plaintiffs joined [34], [35]. On March 6, 2018, the Magistrate Judge entered an Order [36] granting the Motion to Withdraw [33] and allowing Plaintiffs until April 6, 2018, to either (1) employ private counsel and have that counsel enter a written notice of appearance, or (2) notify the Clerk of Court, in writing, that Plaintiffs would be representing

---

[1] The Complaint sets forth a Count II, IV, and V, but no Count I or III.
[2] Before Simms was represented by counsel, she filed a pro se Motion [7] to Dismiss, which was later denied as moot after her counsel of record filed this Second Motion [21]. *See* Oct. 20, 2017, Text Order.

2

themselves. Order [36] at 1. The Magistrate Judge warned that "[s]hould Plaintiffs fail to either retain new counsel or notify the Clerk of Court that they will be representing themselves, their claims will be subject to dismissal." *Id.* Plaintiffs have not responded to the Magistrate Judge's March 6, 2018, Order, and have not filed anything in the record of this case since that time.

The Case Management Order [14] entered on September 7, 2017, set a settlement conference for April 12, 2018. On March 22, 2018, the Magistrate Judge entered a Reminder Notice of the settlement conference, warning the parties that they must physically appear at the settlement conference or potentially face sanctions. Plaintiffs failed to appear at the April 12, 2018, settlement conference without contacting the Court. On April 13, 2018, the Magistrate Judge entered a Report and Recommendation [37], recommending that Plaintiffs' remaining claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of the Court. Copies of the Report and Recommendation [37] were mailed to Plaintiffs at their address of record via certified mail, return receipt requested, and also by regular first class United States mail. Neither envelope has been returned to the Court.

Any objection to the Magistrate Judge's Report and Recommendation [37] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiffs have not filed any objection to the Magistrate Judge's Report and Recommendation [37], and the time to do so has passed.

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [37] as the opinion of this Court, and Plaintiffs' remaining claims will be dismissed without prejudice for Plaintiffs' failure to prosecute and to abide by the Court's Orders. It is apparent to the Court that Plaintiffs no longer wish to pursue this case, and dismissal is warranted.[3]

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [37] of United States Magistrate Judge John C. Gargiulo, entered

---

[3] Even if dismissal under Rule 41(b) were not warranted, the Court would grant Simms' Second Motion [21] to Dismiss. Simms invokes qualified immunity from suit and argues that the Complaint fails to state a claim plausible on its face such that it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not pleaded specific facts that both allow the Court to draw the reasonable inference that Simms is liable for the harm Plaintiffs have alleged, and that would defeat Simms' qualified immunity. Nor have Plaintiffs sought leave to amend their Complaint.

4

in this case on April 13, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE** for Plaintiffs' failure to prosecute and to abide by the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE